IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-63-BO

GARY L. SWANSON, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
STYLE SOURCE, INC., )
)
    Defendant. )
_____)

    This matter comes before the Court on defendant's motion to dismiss [DE 16] and plaintiff's motion for summary judgment [DE 19]. Both motions have been fully briefed and are ripe for disposition. For the reasons discussed below, defendant's motion to dismiss is GRANTED and the plaintiff's motion for summary judgment is DENIED.

BACKGROUND

    In January 2018, defendant contracted to manufacture custom t-shirts, sweatshirts, and sweatpants bearing a custom logo for plaintiff's business venture, Cosmic Swami, Inc. [DE 19]. Plaintiff gave defendant a cashier's check for $1,550.00 that same month. *Id.* Defendant later notified plaintiff that the t-shirts would be ready for delivery on March 12, 2018. [DE 17]. Plaintiff provided credit card information for the remaining balance of $1,240.33, but his credit card was declined by his card issuer. *Id.* Plaintiff did not pay the remaining balance and defendant did not ship the t-shirts or begin manufacturing any other clothing for plaintiff.

    In March 2018, plaintiff sued defendant's co-founder, Geoffrey Krasnov, in the small claims division of New Hanover County's state court. [DE 17-1]. Plaintiff alleged that Krasnov was "harassing [him] for full payment" of the outstanding balance. *Id.* Krasnov counterclaimed

for the money owed. *Id.* A trial was held on April 9, 2018, where both plaintiff's claims and Krasnov's counterclaim were dismissed with prejudice. *Id.*

On April 11, 2018, plaintiff filed a complaint with the Court alleging "negligence of manufacturing of U.S. made / North Carolina made clothing." [DE 6]. Plaintiff requested $1,500,000 in relief, in addition to any "blueprints" or "computer files" related to his business, Cosmic Swami, Inc. *Id.* Plaintiff included in his complaint a list of federal statutes, including 22 U.S.C. § 7207 and 41 U.S.C. § 8301. *Id.*

On July 2, 2018, defendant moved to dismiss, citing, among others, Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 16]. In response, plaintiff moved for summary judgment on July 12, 2018. [DE 19].

DISCUSSION

Defendant has moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

2

There are two broad kinds of federal subject-matter jurisdiction: federal question and diversity. Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts also have jurisdiction in certain disputes arising under state law where the parties are citizens of different states and there is a sufficiently large amount of money in controversy. 28 U.S.C. § 1332.

Here, plaintiff has not plausibly alleged the existence of either federal question or diversity jurisdiction. Plaintiff concedes that both he and defendant are citizens of North Carolina, so there is incomplete diversity of citizenship. Simply listing federal statutes in the complaint does not confer federal question jurisdiction, either; plaintiff must plausibly allege that his complaint *arises under* federal law and has failed to do so here.

The federal statutes cited in plaintiff's complaint are as follows: 19 U.S.C. Chapter 7, 15 U.S.C. Chapter 15, 15 U.S.C. Chapter 1, 22 U.S.C. § 7207, 22 U.S.C. Subchapter IV, and 41 U.S.C. § 8301. These provisions relate, respectively, to international trade agreements, the Commodity Credit Corporation and the Department of Agriculture, antitrust claims, public appropriations, public preference for American-made materials, and trade restrictions on Iran, Libya, North Korea, and Sudan. The contract dispute between the parties concerning payment for custom-manufactured clothing does not "arise" under any of these statutes.

For these reasons, the Court finds that it lacks subject-matter jurisdiction over plaintiff's claims. Because the Court lacks jurisdiction, it declines to consider the remainder of the parties' arguments.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 16] is GRANTED and plaintiff's motion for summary judgment [DE 19] is DENIED. The case is DISMISSED for lack of jurisdiction.

SO ORDERED, this 22 day of September, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE